UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE<br><br>FIRST KOREAN CHRISTIAN CHURCH OF SAN JOSE,<br><br>Debtor.<br><br>———<br><br>FIRST KOREAN CHRISTIAN CHURCH OF SAN JOSE,<br><br>Plaintiff/Appellee,<br><br>v.<br><br>DONG WUK KIM, MYUNG IL YOUM,<br><br>Defendants/Appellants,<br><br>and<br><br>FIRST EVANGELICAL CHURCH OF AMERICA,<br><br>Appellee. | Case No. 5:17-cv-00953-EJD<br><br>**ORDER DENYING APPELLANTS' MOTION FOR STAY PENDING APPEAL**<br><br>Re: Dkt. No. 14 |

## I. INTRODUCTION

This action is one of several appeals from the Chapter 11 bankruptcy proceedings of the First Korean Christian Church of San Jose (the "Debtor"), initiated under authority of its current pastor. The Bankruptcy Court permitted Debtor and its co-borrower, Korean Evangelical Church

1    of America,[1] to sell real property located in Sunnyvale for $6,650,000 and ordered the net

2    proceeds from the sale deposited into an interest-bearing joint account, disbursement from which

3    requires the written consent of all parties or a judicial determination of the parties' respective

4    rights in the funds.

Though that sale would otherwise be a routine matter in the administration of a bankruptcy estate, here it represents just one part of a larger controversy concerning just who has the authority act for Debtor. Appellants Dong Wuk Kim, the Debtor's former pastor, and Myung Il Youm, a church elder, contend they have that authority. Debtor initiated this adversary proceeding against Appellants and Korean Evangelical Church of America to resolve the parties' respective claims to the sales funds. The Bankruptcy Court found on summary judgment there was no dispute of material fact that Debtor's current pastor has control of the funds, and later denied Appellants' motion for a stay of that decision pending appeal.

Appellants now renew their stay request before this court. Dkt. No. 14. Having considered the record,[2] the court concurs with the Bankruptcy's Court decision to decline relief. Appellants' motion will therefore be denied for the reasons explained below.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Bankruptcy Procedure 8007(b), a motion for stay pending appeal may be made to the district court sitting in review. The district court applies the same standard as would the court of appeals. See In re Crystal Props. Ltd., L.P., 268 F.3d 743, 755 (9th Cir. 2001) (noting that the district court functions as an appellate court in reviewing a bankruptcy court's decision). When a bankruptcy court denies a stay in the first instance under Rule 8007(a),

---

[1] First Korean Christian Church of San Jose and Korean Evangelical Church of America are referred to collectively as "Appellees."

[2] When coupled with the 9-page "Supplemental Brief on Equitable Mootness," Appellants' 35-page motion far exceeds the page limitation imposed by Federal Rule of Bankruptcy Procedure 8013(f)(3). Though the court has considered all of the relevant pleadings for this particular matter, Appellants are advised the court may not do so in the future. Instead, compliance with all procedural rules is expected and any deviations should be sought by leave of court in advance of filing any non-conforming pleadings.

Case No.: 5:17-cv-00953-EJD
ORDER DENYING APPELLANTS' MOTION FOR STAY PENDING APPEAL
2

the district court's review is "limited to a determination of whether the bankruptcy court abused its discretion." Advanced Discovery, Inc. v. Diamond (In re Howrey LLP), No. 14-cv-03062-JD, 2014 WL 3427304, at *2 (N.D. Cal. July 14, 2014).

A bankruptcy court abuses its discretion when its decision is based on an erroneous conclusion of law or when the record contains no evidence on which the court rationally could have based that decision. In re Conejo Enters., 96 F.3d 346, 351 (9th Cir. 1996). "The abuse of discretion standard on review of the bankruptcy court's order denying a stay encompasses a de novo review of the law and a clearly erroneous review of the facts with respect to the underlying issues." Dynamic Fin. Corp. v. Kipperman (In re North Plaza, LLC), 395 B.R. 113, 119 (S.D Cal. 2008).

## III.  DISCUSSION

The Bankruptcy Court properly identified the standard that applies for a stay requested under Rule 8007. It has "been distilled into consideration of four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" Nken v. Holder, 556 U.S. 418, 434 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 433-34.

"The first two factors . . . are the most critical." Id. However, a failure on any one factor "dooms the motion." In re Irwin, 338 B.R. 839, 843 (E.D. Cal. 2006) (quoting In re Deep, 288 B.R. 27, 30 (N.D.N.Y. 2003)). Moreover, because a stay pending appeal is an extraordinary remedy, the court must examine the factors with obligatory restraint. See In re Smith, 397 B.R. 134, 136 (Bankr. D. Nev. 2008) (citing In re Fullmer, 323 B.R. 287, 293 (Bankr. D. Nev. 2005)); see also Nken, 556 U.S. at 427 (observing a stay is an "intrusion into the ordinary processes of administration and judicial review" and not a "matter of right" even if irreparable injury would result).

Case No.: 5:17-cv-00953-EJD
ORDER DENYING APPELLANTS' MOTION FOR STAY PENDING APPEAL
3

The court examines Appellants' motion under this same framework.

**A.    Likelihood of Success**

For a stay pending appeal, the "likelihood of success" element requires the moving party to establish "at a minimum, that she has a substantial case for relief on the merits." Leiva-Perez v. Holder, 640 F.3d 962, 968 (9th Cir. 2011). "[I]t is not enough that the likelihood of success on the merits is 'better than negligible' or that there is a 'mere possibility of relief.'" Lair v. Bullock, 697 F.3d 1200, 1204 (9th Cir. 2012) (quoting Nken, 556 U.S. at 434).

In order to prevail on this motion, the applicable legal standard requires Appellants to successfully show a "substantial case" for reversal of the summary judge order in favor of Appellees. "Summary judgment is to be granted if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, show that there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law." Suncrest Healthcare Ctr. LLC v. Omega Healthcare Inv'rs (In re Raintree Healthcare Corp.), 431 F.3d 685, 687 (9th Cir. 2005).

As the court understands the pleadings, Appellants' argument for success on the merits has three subparts. They are: (1) the Bankruptcy court erred by finding no dispute of material fact on the issue of control by not sufficiently considering Appellants' submissions; (2) the Bankruptcy Court was without jurisdiction to decide the control, and erred by not applying state corporate law to its decision if it did have jurisdiction; and (3) the Bankruptcy Court erred by deciding the control issue on summary judgment rather than referring it for jury trial.

In its order denying a stay pending appeal, the Bankruptcy court determined that Appellants' failed to present a substantial case for relief on the merits. This court has reached the same conclusion for this motion.

For the first subpart, Appellants contend the Bankruptcy Court misapplied the summary judgment standard and "ignored the Defendants' Statement of Genuine Issues of Disputed Evidence," which they claim identified 35 disputed facts. Appellants then go on to focus on one particular fact, Dong Wuk Kim's excommunication and removal from church management, which

they believe was ineffective and overturned. But the Bankruptcy Court's summary judgment order laid out the correct standard in detail and then applied it by first examining whether the moving party met its initial burden, and then shifting the burden to Appellants to show a genuinely disputed fact. The Bankruptcy Court also specifically addressed the excommunication argument and the evidence it relies on, and found it insufficient to satisfy Appellants' burden. Appellants' bare contention that facts are in dispute, no matter how numerous, does not mean the facts are actually disputed, or that those facts are material for the purposes of avoiding summary judgment. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (explaining that when the moving party has carried its burden on summary judgment, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts"). Consequently, Appellants have not shown a substantial case for reversal based on unconsidered or disputed material evidence. Other than disagreeing with the Bankruptcy Court and restating their version of the facts, Appellants do not convincingly explain how their position is any more likely to prevail on appeal than the one adopted by the Bankruptcy Court.

For the second subpart, Appellants believe the Bankruptcy Court was without jurisdiction to sort out divergent claims to the sale funds. The Bankruptcy Court determined otherwise, noting its core jurisdiction over turnover actions and actions to determine the extent of estate property. See 11 U.S.C. §§ 157(b)(2)(E), 541(a). Much like their prior argument, Appellants provide their own view of the issue but fail to demonstrate why the Bankruptcy Court's characterization was mistaken or unsound. Furthermore, Appellants include no cogent argument explaining why the Erie Doctrine required the Bankruptcy Court to apply state corporate law to a decision it determined arose under federal law.

For the third subpart, Appellants suggest summary judgment was an improper procedural mechanism because they were entitled to a jury determination on the control issue. Whether or not Appellants have a jury trial right overlaps with the basis for bankruptcy jurisdiction. See Exec. Benefits Ins. Agency v. Arkison, 134 S. Ct. 2165, 2172 (2014) ("If a matter is core, the statute empowers the bankruptcy judge to enter final judgment on the claim, subject to appellate

Case No.: 5:17-cv-00953-EJD
ORDER DENYING APPELLANTS' MOTION FOR STAY PENDING APPEAL
5

review by the district court."). Since the Bankruptcy Court found it was exercising core jurisdiction over the ownership issue, and since Appellants have not made out a substantial case for why that decision was incorrect, this argument also fails. In any event, the Bankruptcy Court observed it was empowered to rule on summary judgment even in jury cases because that determination does not affect the right to a jury trial. Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com), 504 F.3d 775, (9th Cir. 2007). Appellants offer no legitimate response to the application of that rule to this case.

In sum, Appellants have failed to demonstrate the Bankruptcy Court's decision on the "likelihood of success" element was an abuse of discretion.

### B. Irreparable Injury

The Supreme Court has held that when it comes to satisfying the irreparable injury element, "simply showing some 'possibility of irreparable injury'" is not enough. Nken, 556 U.S. at 434-35 (quoting Abassi v. Immigration & Naturalization Serv., 143 F.3d 513, 514 (9th Cir. 1998)). "[T]he 'possibility standard is too lenient.'" Id. at 435 (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)). In light of this language, the Ninth Circuit has "interpreted Nken as requiring the applicant to show under the second factor that there is a *probability* of irreparable injury if the stay is not granted." Lair, 697 F.3d at 1214 (emphasis in original). The Ninth Circuit also emphasized that the probability analysis focuses "on the individualized nature of irreparable harm and not whether it is 'categorically irreparable.'" Id. (quoting Leiva-Perez, 640 F.3d at 969).

Appellants argue this appeal may become moot. More specifically, Appellants represent that "the bankruptcy court may allow [Appellees] and other interested parties to make withdrawals from the secured funds." They also indicate that "[i]f the parties are allowed to liquidate the funds during the appeal the appellant will be left with no alternative to resort to for security of the church assets."

"The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor." Felster

Case No.: 5:17-cv-00953-EJD
ORDER DENYING APPELLANTS' MOTION FOR STAY PENDING APPEAL
6

Publ'g v. Burrell (In re Burrell), 415 F.3d 994, 998 (9th Cir. 2005). "If it can grant such relief, the matter is not moot." Id. (quoting Garcia v. Lawn, 805 F.2d 1400, 1402 (9th Cir. 1986)). Appellants must overcome a difficult burden to show irreparable harm through mootness because "within bankruptcy, a majority of courts have concluded that mootness does not demonstrate irreparable injury." In re Gardens Regional Hosp. & Med. Ctr., Inc., 567 B.R. 820, 831 (Bankr. C.D. Cal. 2017).

The majority view applies to this case. The true injury underlying Appellants' framing of irreparable harm is financial in nature; that is, Appellants fear there will be nothing for them to recover from the property sale if they ultimately prevail on their appeal and establish a cognizable interest in the funds. Typically, however, purely monetary injury does not constitute irreparable harm because such losses can be cured with legal remedies. L.A. Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1202 (9th Cir. 1980). And here, Appellants have not explained why the bankruptcy court could not order reimbursement to the estate of any distributed funds if the current decision over control is modified. In that way, these circumstances are entirely distinguishable from the cases cited by Appellants, which involve transfers of real property, distributions of class action settlement funds according to a challenged scheme, and the turnover of confidential documents. In each of these scenarios, the parties moved for stays to avoid irreversible losses that could not be undone if an appeal was successful. Money, in contrast, is a fungible commodity, the loss of which can normally be made up with more money. Thus, the Bankruptcy Court was correct to find that Appellants would not be irreparably injured absent a stay due to potential monetary loss.

Appellants' new argument based on equitable mootness is no more persuasive. "Equitable mootness occurs when a 'comprehensive change of circumstances' has occurred so 'as to render it inequitable for this court to consider the merits of the appeal.'" In re Thorpe Insulation Co., 677 F.3d 869, 880 (9th Cir. 2012) (quoting In re Roberts Farms, 652 F.2d 793, 798 (9th Cir. 1981)). "The question is whether the case 'present[s] transactions that are so complex or difficult to unwind that the doctrine of equitable mootness would apply.'" Id. (quoting Lowenschuss v.

Case No.: 5:17-cv-00953-EJD
ORDER DENYING APPELLANTS' MOTION FOR STAY PENDING APPEAL
7

Selnick (In re Lowenschuss), 170 F.3d 923, 933 (9th Cir. 1999)). Four factors are routinely considered: (1) whether the moving party fully pursued its rights by seeking a stay in the lower court, (2) if a stay was sought and not gained, whether substantial consummation of the transaction has occurred, (3) the effect a remedy may have on third parties not before the court, and (4) "whether the bankruptcy court can fashion effective and equitable relief without completely knocking the props out from under the plan and thereby creating an uncontrollable situation for the bankruptcy court." Id. at 881.

The basic question relevant to equitable mootness is not demonstrated here. Disbursements from the sales proceeds are not "so complex or difficult to unwind" because they can be quantified through a simple accounting exercise. Nor does the attendant four-factor test favor Appellants. Though it cannot be said Appellants sat on any potential rights, the record does not show substantial dissipation or the potential for substantial dissipation. Additionally, the record does not show that effective relief is either impossible or significantly adverse to any third parties not involved in this litigation.

Accordingly, Appellants have not shown that irreparable harm is probable. This finding coupled with the one made on for success on the merits means Appellants showing on the final two factors would need to be compellingly strong. It is not. Therefore, the bankruptcy court did not abuse its discretion by denying Appellants' motion for a stay pending appeal.

## IV. ORDER

The "Motion for Stay of Bankruptcy Court Judgment Pending Appeal to the United States District Court" (Dkt. No. 14) is DENIED.

**IT IS SO ORDERED.**

Dated: January 26, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-00953-EJD
ORDER DENYING APPELLANTS' MOTION FOR STAY PENDING APPEAL
8